UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 27, 2006

Memo to Counsel Re: MDL-15863, MFS Subtrack;
*Walker v. Massachusetts Financial Services Co., et al.*
Civil No. JFM-04-1758

Dear Counsel:

The purpose of this letter is to rule upon the MFS Defendants' motion to dismiss the ERISA complaint filed in the MFS subtrack. Named as defendants are Massachusetts Financial Services Co. ("MFS"), Massachusetts Financial Services Corp. Retirement Committee ("Retirement Committee"), Jeffrey L. Shames ("Shames"), Joseph W. Dello Russo ("Russo"), and Eric Burns ("Burns"). In accordance with Judge Blake's opinion in the *Strong* subtrack, *In re Mutual Funds Inv. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005),[1] with which I fully agree, my rulings are as follows:

I.   Standing

Plaintiff Anita Walker ("Walker") has both constitutional and statutory standing to pursue her claims for relief under ERISA § 502(a)(2). *Strong* at 440-44. She does not, however, have standing under ERISA § 502(a)(3) to obtain equitable relief from the defendants in the form of constructive trusts or restitution. *Id.* at 443. As for the release form she signed upon leaving MFS, I note that such releases generally are enforceable. *Smart v. Gillette Co. Long-Term Disability Plan*, 887 F. Supp. 383, 385-86 (D. Mass. 1995). I also note that Walker has pled no facts to suggest that

---

[1] Throughout the remainder of this letter I will use the following short-form citation for Judge Blake's opinion: *Strong* at [page number(s) from F. Supp. 2d].

she did not sign the release knowingly and voluntarily. However, as consideration for Walker's signature MFS stated that it would pay her the full vested benefits to which she was entitled under the Plan. *See* MFS Defendant's Supplemental Reply Brief at 5 n.4 ("The notion that [Walker] preserved her right to sue under ERISA also ignores that the consideration she received for the General Release included payment by the MFS Defendants of *all benefits due* under the pension plan.") (emphasis added). Yet the basis of this action is Walker's allegation that market timing and late trading diminished the value of the mutual funds within her retirement accounts, such that she did not receive the full benefits due to her. Thus, I find that the release does not bar this action.

II.     Pleading Standard

Walker's complaint need only meet the Fed.R.Civ.P. 8 notice pleading requirements. *Strong* at 440-41. I discuss below whether she has met this requirement with respect to each defendant.

III.    Fiduciary Status

ERISA "fiduciary status [is not] an all-or-nothing concept. . . . [A] party is a fiduciary only as to the activities which bring the person within the definition. The statutory language plainly indicates that the fiduciary function is not an indivisible one. In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992). Thus, before addressing whether Walker has adequately pled facts to establish the ERISA fiduciary status of the various defendants, it is first necessary to delineate the theories of fiduciary liability that Walker is pursuing.

Included in Walker's complaint are the following causes of action: 1) violating the duties of prudence and loyalty by including or failing to remove from the Plan MFS mutual funds in which market timing and late trading were occurring; 2) violating the prohibition on self-interested

transactions by offering such securities as investment options; 3) misrepresenting the prudence of such securities to Plan participants; 4) violating the duty to monitor; and 5) incurring co-fiduciary liability. Walker indicated at oral argument that she was abandoning the second and third causes of action, and I agree with Judge Blake that inconsistencies between Walker's complaint and briefs militate against addressing the fourth and fifth causes of action at this time. *Strong* at 450 & nn.20-21.[2] That leaves only the prudence and loyalty claims to be considered.

Because I am only addressing these two claims, the particular fiduciary activities at issue are the addition and/or deletion of investment options from the Plan. As Judge Blake discussed in her opinion, there are two means by which Walker can establish that a defendant had the fiduciary authority to engage in such activities: demonstrate that the defendant is a named Plan fiduciary that was assigned such authority, or plead specific facts that show the defendant performed specified discretionary functions with respect to the Plan's investment options such that it was a *de facto* fiduciary. *Id*. at 445. For the latter category of defendants, her factual allegations must amount to more than a mere recitation of the statutory language defining a fiduciary's roles. *Id*. at 446 (discussing *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

Having considered Walker's complaint and the parties' memoranda, I conclude that she has succeeded in establishing the fiduciary status of only two defendants: the Retirement Committee and Burns. Her prudence and loyalty claims against the remaining defendants are therefore dismissed. I will now address the allegations against each defendant in turn.

---

[2] Walker may seek leave to amend her complaint, consistent with this opinion, within 40 days or by another date as set by the court upon request. If she does so, I recommend that she pay particular attention to footnote thirteen in Judge Blake's opinion, as well as the requirement, discussed below, that she plead specific facts to establish the *de facto* fiduciary status of defendants not named as fiduciaries in Plan documents.

A.    Retirement Committee and Burns

Walker asserts that the Retirement Committee serves as the Plan Administrator, which would make it a named fiduciary, and that Burns serves as Secretary of the Committee. MFS does not deny these allegations. But because neither party included Plan documents with their filings, I am unable to determine whether these fiduciary roles carry with them any authority over the investment options included within the Plan. Given that Walker is the non-movant on this motion to dismiss, I am constrained to draw the inference in her favor that the Retirement Committee and Burns do possess such authority.[3]

B.    MFS

The fact that MFS is the Plan sponsor is not enough in and of itself to confer fiduciary status. *Id*. at 447. Walker's *respondeat superior* theory is insufficient to establish MFS as a *de facto* fiduciary, as a principal can be held liable for its agent's violation of ERISA only if the principal is an ERISA fiduciary to begin with. *Id*. at 447 n.15 (citing *Crowley v. Corning*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002)).

C.    Shames and Russo

Shames, Chairman of the Board of MFS, is not a named fiduciary. His position of authority within MFS does not render him a *de facto* fiduciary, *id*. at 447, and neither does the fact that he signed SEC documents on behalf of the company. *Id*. at 448 (quoting *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207 (D. Kan. 2004)). The same is true for Russo, whom Walker only alleges signed SEC documents. *Id*.

---

[3] If either the Retirement Committee or Burns is of the view that the Plan documents do not bestow upon them any authority over investment options, they may file a motion for reconsideration on that ground, attaching all relevant portions of the Plan documents.

IV.     *Moench* Presumption

As for the merits of the prudence and loyalty claims against the Retirement Committee and Burns, for the same reasons given by Judge Blake I will not grant the motion to dismiss based on Walker's alleged failure to overcome the *Moench* presumption. *Id*. at 448-50.

Despite the informal nature of this letter, it should be flagged as an opinion. I ask that within thirty days from today the parties please submit orders reflecting the rulings made herein.

                        Very truly yours,

                        /s/

                        J. Frederick Motz
                        United States District Judge